(S. C., 2 N. Y. 204; 8 id. 375.)

---

POTTER and HOWARD *against* ROWLAND and others.

*Foreclosure; notice of object of suit.*

ACTION to redeem mortgaged premises situated in Buffalo. Clark, the owner of the premises, in November,

1831, executed a mortgage thereof to Day, which was at that time duly recorded in Erie county. In 1838 and 1839, judgments were recovered against Clark in the Supreme Court, which became liens on the mortgaged premises. In July, 1840, Day commenced the foreclosure of his mortgage in equity, under the act of 1840, chapter 342, " to reduce the expense of foreclosing mortgages in the Court of Chancery." He did not make the judgment creditors parties. The defendants are purchasers under a decree of foreclosure in that suit.

The plaintiffs are purchasers under the judgments, and their right to redeem rests solely on the insufficiency of the notice of the objects of the suit, filed in the clerk's office of Erie county, and of the affidavit of such filing presented to the court, to cut off the liens of the judgment creditors. The notice filed stated that the mortgage was "*recorded on the 12th day of November*, 1831, but did not state *where* it was recorded, and this omission was the defect complained of. The affidavit of filing the notice on which the decree was obtained, stated that the deponent " filed in the office of the clerk of Erie county a notice of the pendency of the suit, of which a copy, *he believes*, is hereto subjoined." The copy referred to stated that the mortgage was " recorded *in the clerk's office of the county of Erie*, on the 12th day of November."

The Supreme Court denied the application to redeem, and the Court of Appeals affirmed the judgment, holding that the notice and affidavit were sufficient to render the decree of the court effectual to cut off the equity of redemption of the judgment creditors, under the statute referred to. That the defects pointed out could only be taken advantage of by motion in the foreclosure suit, within the time allowed by statute for that purpose.

(S. C., 8 N. Y. 448.)